IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID M. GRIGGS, | : | |
| | : | |
| Petitioner, | : | No. 4:CV-06-1218 |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**O R D E R**

June 20, 2006

**BACKGROUND:**

After being found guilty by a jury in the Middle District of Pennsylvania of three narcotics offenses, Griggs was sentenced on July 8, 2002. He was sentenced to a term of imprisonment of 240 months on each of the three counts, with the sentences to run concurrently. That criminal case is docketed to Crim. No. 4: CR-00-0072-01. On June 19, 2003, the Third Circuit affirmed Griggs's judgment of conviction. The mandate issued July 11, 2003.

By order dated December 21, 2004, we denied Griggs's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and directed the clerk to close the case file docketed to Civ. No. 4:CV-03-0269. Griggs appealed our

decision, and on June 21, 2005, a panel of the Third Circuit denied Griggs's request for a certificate of appealability. United States v. Griggs, No. 05-1892 (3d Cir. June 21, 2005). After Griggs moved the Court of Appeals for rehearing, the Third Circuit denied his petition for en banc rehearing on August 1, 2005. United States v. Griggs, No. 05-1892 (3d Cir. Aug. 1, 2005).

Griggs then filed a Rule 60(b) motion seeking relief from our December 21, 2004 order. By order dated January 10, 2006 we denied Griggs's rule 60(b) motion and ruled that the portions of the motion that were a second or successive motion under AEDPA could not be heard by us without Griggs first getting the permission of the Third Circuit, as we were without jurisdiction.

Now before the court is Griggs's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed June 16, 2006. Griggs's petition seeks to have his sentence vacated and succinctly states that he is actually and legally innocent of two of the counts for which he was found guilty. These are the types of claims that must be brought in a motion challenging his sentence under section 2255 unless section 2255 would prove to be inadequate or ineffective. Only if section 2255 is proven to be inadequate or ineffective could Griggs resort to filing his claims pursuant to section 2241. See In re Dorsainvil, 119 F.3d 245, 248 (3d Cir. 1997). Just because Griggs's first motion under section 2255 was not ruled upon in his

favor does not make motions under section 2255 inadequate or ineffective.  See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

In order to file a subsequent or successive motion under section 2255 Griggs must first seek permission of the United States Court of Appeals for the Third Circuit.  The relevant statutory text of section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>   (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Griggs's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed.

2. The clerk is directed to close the case file.

    s/ James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge

3